

**FILED**

4:13 pm, 12/15/25

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

BAKARI TURDZELADZE,

    Petitioner,

VS.

UNITED STATES ATTORNEY GENERAL, in her official capacity also known as Pam Bondi, et al.,

    Respondents.

Case No.  25-CV-00251-R

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 [ECF 1]

THIS MATTER is before the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Bakari Turdzeladze. [ECF 1]. The Court, having considered the petition and being otherwise fully informed, concludes the writ must be **GRANTED**.

### *BACKGROUND*

Mr. Turdzeladze is a native of the Republic of Georgia. [ECF 1 ex. 1 p. 3]. He has been detained by ICE since July 24, 2024. [ECF 1 p. 1]. Since then, Mr. Turdzeladze applied for asylum and requested withholding of removal. [ECF 1 ex. 1]. On February April 17, 2025, an Immigration Judge determined Mr. Turdzeladze was inadmissible pursuant to INA §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). [ECF 1 ex. 1 p. 1]. The

Immigration Judge denied Mr. Turdzeladze's asylum application, finding he was ineligible for asylum pursuant to Presidential Proclamation, Proclamation 10773, Securing the Border, which proclaimed that any alien who enters the United States through the southern border after June 5, 2024, is ineligible for asylum except in exceptionally compelling circumstances. [ECF 1 ex. 1 p. 2]. The Immigration Judge found Mr. Turdzeladze entered the United States on July 24, 2024, and that there were no exceptionally compelling circumstances which would make him eligible for asylum. [ECF 1 ex. 1 p. 2]. The Judge then granted Mr. Turdzeladze Withholding of Removal under INA § 241(b)(3). [ECF 1 ex 1 p. 2]. It appears neither Mr. Turdzeladze, nor the government appealed the decision. [ECF 1].

Mr. Turdzeladze filed his § 2241 petition pro se, the Court ordered the petition served on Respondents, and ordered their response to the petition. [ECF 3]. He argues the Due Process Clause requires his release from custody because his order of removal has been final since May 19, 2025, and removal is not reasonably foreseeable. [ECF 1 p. 6]. He states he has no criminal record, is a law-abiding individual, not a danger to the community, and not a flight risk. [ECF 1 p. 6]. He asserts both his mental and physical health are declining because of the conditions of his detention in the Natrona County jail. [ECF 1 p. 7]. Mr. Turdzeladze seeks a writ of habeas corpus ordering his immediate release. [ECF 1 p. 7]. Respondents did not file a response, nor did they ask for more time.[1]

---

[1] The Court ordered the petition served on Respondents on November 3, 2025. [ECF 3]. The Court gave respondents 21 days to file a response. The docket entry indicates the Clerk's office served Respondents via email on November 3, 2025. [ECF 3].

## *DISCUSSION*

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a noncitizen is ordered removed, generally, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). That ninety-day period is known as the "removal period." *Id.* Where the government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 920 (D. Alaska 2025) (citing *Zadvydas*, 533 U.S. at 682); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the removal period. 533 U.S. 678, 683 (2001). It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. According to the Court, the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It found a presumptively reasonable detention period of six months. *Id* at 701. After six months,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

*Id*.

In total, ICE has detained Mr. Turdzeladze for nearly seventeen months. [ECF 1 p. 1]. The Immigration Judge's order became final on May 19, 2025. [ECF 1 p. 6]. Thus, Respondents have detained Mr. Turdzeladze for approximately seven months after the detention order became final. This is past the presumptively reasonable six-months considered by the Supreme Court in *Zadvydas*. *Clark v. Martinez,* 543 U.S. 371, 386–87, 125 S. Ct. 716, 727, 160 L. Ed. 2d 734 (2005) ("The Government having brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba); and the District Court in each case having determined that removal to Cuba is not reasonably foreseeable; the petitions for habeas corpus should have been granted."); *see also e.g.*, *Moreno v. Bondi,* No. 25-3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-removal order detention for seven and a half months entitled to habeas relief); *Mohammad Momennia, Petitioner, v. Pamela Bondi, Att'y Gen., et al., Respondents.*, No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) Report and Recommendation Adopted at No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *Bryan Anduaga-Colin, Petitioner, v.*

4

*Pamela Bondi, Att'y General; Kristi Noem, Sec'y, Dep't of Homeland Security; Samuel Olson, Dir., ICE Field Office; & C. Carter, Warden, FCI-Leavenworth, Respondents.*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

The Court ordered the government to respond to Mr. Turdzeladze's petition and rebut the assertions made by Petitioner that his removal is not reasonably foreseeable. The government failed to do so. The Immigration Judge ordered Mr. Turdzeladze removed on April 17, 2025, and granted withholding of removal, which means he cannot be removed to the country of Georgia. [ECF 1 ex. 1]. The government could have responded with information about any third countries to which is sought to remove Mr. Turdzeladze and whether it had received responses from those countries, it could have included a timeline for his expected removal from the United States, or it could have included other reasons for his continued detention. As it stands, the only information before the Court is Mr. Turdzeladze's petition which demonstrates he has been detained longer than six months, is not a flight risk, and is not a danger to the community.

Finally, it is worth noting the Immigration Judge found Mr. Turdzeladze inadmissible under INA § 212(a)(7)(A)(i)(I). This section is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I) and provides:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—
>
> **(I)** who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel

> document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i)(I).  The Immigration Judge also found him inadmissible pursuant to INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i) and stating: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).  Thus, the Immigration Judge found Mr. Turdzeladze inadmissible because he did have valid entry paperwork, and because he entered the country without being admitted or paroled, or because he entered the country at a place other than one designated by the Attorney General. [ECF 1 p. 10]. Notably, he was not denied entry because he had a criminal record or would be otherwise a danger to the community.  There is nothing in Mr. Turdzeladze's petition, nor has the government argued there is despite being given ample time to do so, that would require his continued detention under 8 U.S.C. § 1231(a)(6).  The government has provided nothing to his Court that would legally allow Mr. Turdzeladze's continued detention while it, presumably, seeks removal to a third country.  Because Mr. Turdzeladze's removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700.

## *CONCLUSION*

Mr. Turdzeladze's continued detention is unlawful.[2] The Court, therefore, **GRANTS** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF 1]. A Writ shall issue.

**IT IS FURTHER ORDERED** Respondents shall release Petitioner from custody, subject to an appropriate order of supervision, by **December 23, 2025**, and shall provide notice to this Court when Mr. Turdzeladze is released from custody.

Dated this 15th day of December, 2025.

_____
Kelly H. Rankin
United States District Judge

---

[2] As noted in this Court's separately issued Writ of Habeas Corpus, Mr. Turdzeladze shall be subject to appropriate conditions of release necessary to protect the public safety and promote the ability of the government to affect his removal to a third country. *See* 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h).