IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**

*7:52 am, 1/9/26*

**Margaret Botkins
Clerk of Court**

BAKARI TURDZELADZE,

Petitioner,

VS.

UNITED STATES ATTORNEY GENERAL, in her official capacity also known as Pam Bondi, et al.,

Respondents.

Case No. 25-CV-251-R

## ORDER GRANTING MOTION FOR RECONSIDERATION [9] AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [1]

This matter concerns a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Bakari Turdzeladze [ECF No. 1] and Respondents' Motion for Reconsideration [ECF No. 9]. The Court, having considered the Petition and the government's Motion for Reconsideration and being otherwise fully informed, concludes the Motion should be **GRANTED** and, upon reconsideration, the Petition for Writ of Habeas Corpus must be **GRANTED.**

### *BACKGROUND*

Mr. Turdzeladze is a native of the Republic of Georgia. [ECF No. 1 ex. 1 p. 3]. He has been detained by ICE since July 24, 2024. [ECF No. 1 p. 1]. Since then, Mr. Turdzeladze applied for asylum and requested withholding of removal. [ECF No. 1 ex. 1].

On September 10, 2024, USCIS conducted a credible fear interview and determined he had established a credible fear of persecution or torture. [ECF No. 9 ex. 1 pp. 2-3]. On April 17, 2025, an Immigration Judge determined Mr. Turdzeladze was inadmissible pursuant to INA §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). [ECF No. 1 ex. 1 p. 1]. The Immigration Judge denied Mr. Turdzeladze's asylum application, finding he was ineligible for asylum pursuant to Presidential Proclamation 10773, "Securing the Border," which proclaimed that any alien who enters the United States through the southern border after June 5, 2024, is ineligible for asylum except in exceptionally compelling circumstances. [ECF No. 1 ex. 1 p. 2]. The Immigration Judge found Mr. Turdzeladze entered the United States on July 24, 2024, and that there were no exceptionally compelling circumstances that would make him eligible for asylum. [ECF No. 1 ex. 1 p. 2]. The Judge then granted Mr. Turdzeladze Withholding of Removal under INA § 241(b)(3). [ECF No. 1 ex 1 p. 2]. Neither Mr. Turdzeladze nor the government appealed the decision. [ECF No. 9 ex. 1 p. 3].

Mr. Turdzeladze filed his § 2241 Petition pro se, and the Court ordered the Petition served on Respondents and ordered their response to the Petition. [ECF No. 3]. Mr. Turdzeladze argues the Due Process Clause requires his release from custody because his order of removal has been final since May 19, 2025, and removal is not reasonably foreseeable. [ECF No. 1 p. 6]. He states he has no criminal record, is a law-abiding individual, not a danger to the community, and not a flight risk. [ECF No. 1 p. 6]. He asserts both his mental and physical health are declining because of the conditions of his detention in the Natrona County jail. [ECF No. 1 p. 7]. Mr. Turdzeladze seeks a writ of habeas corpus ordering his immediate release. [ECF No. 1 p. 7].

The Court ordered Mr. Turdzeladze's Petition served on November 3, 2025, and a docket entry indicates the Clerk's Office served the Respondents via email on that date. [ECF No. 3]. The Court gave the government twenty-one days to respond to the Petition. [ECF No. 3]. On December 15, 2025, the Court granted Mr. Turdzeladze's Petition and ordered him to be released from custody subject to appropriate conditions of release no later than December 23, 2025. [ECF Nos. 5 & 6]. On December 24, 2025, the government filed a notice indicating Mr. Turdzeladze had been released from custody on December 23, 2025. [ECF No. 8].

The government filed its Motion for Reconsideration on December 31, 2025, arguing it is entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(1). [ECF No. 9]. The government contends it did not receive notice of the Petition, despite the Court's attempt at service. [ECF No. 9]. The government argues a lack of notice justifies granting relief under Rule 60(b)(1) and contends there is a strong preference for a judgment on the merits rather than by default. [ECF No. 9 p. 2].

## DISCUSSION

### I. Motion for Reconsideration [ECF No. 9]

The Court first notes that its Writ of Habeas Corpus was not issued by default. [ECF Nos. 5 & 6]. Rather, the Court analyzed the arguments in Mr. Turdzeladze's Petition to determine if he was entitled to relief under the law. However, it did so without the benefit of the government's Response and, therefore, the Motion for Reconsideration is granted. Next, while the Court does not question the government's assertion it did not receive notice of the Court's Order requiring a response, the clerk's office verified the Order and a copy

of Mr. Turdzeladze's Petition were served to a previously designated electronic mail address. The Court understands there are new measures in place to avoid any similar issues in the future.

A movant is entitled to relief from a final judgment under Federal Rule of Civil Procedure 60(b)(1)[1] where it can demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 394 (1993)). Courts determining "whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 395). Courts must consider: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Doran L. Off. v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 736 (10th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply the Section 2254 Rules to habeas corpus proceedings brought under 28 U.S.C. § 2241.

Here, the factors weigh in favor of granting the government's Motion. First, there is little risk of prejudice to the non-movant. The Court carefully analyzed Mr. Turdzeladze's Petition and the facts he presented according to the law and determined he was entitled to a writ of habeas corpus. Thus, unless Mr. Turdzeladze misrepresented the facts in his petition, he is unlikely to be prejudiced by the Court granting the government's Motion. Second, the government filed this motion seeking relief from judgment two weeks after the Court's Order—it did not delay. Third, the government performed an exhaustive search and determined it did not receive an email from the clerk's office with the Court's Order setting the response deadline. [ECF No. 9]. While the Court verified that the Clerk's Office sent the Order to the email address previously designated for service, it has no reason to doubt the veracity of counsel's statement that the email was not received. Fourth, there is no indication of bad faith on behalf of the movant, nor is there a history of ignoring deadlines and then seeking relief. Therefore, the Court concludes movant is entitled to relief under Rule 60(b)(1).

The government does not seek leave to file a further response and, instead, asks this Court to reconsider its prior order with the facts provided by the declaration attached to the Rule 60(b)(1) Motion. Therefore, the Court moves to its analysis of Mr. Turdzeladze's Petition in conjunction with the government's Response.

## *II. Petition for Writ of Habeas Corpus [ECF No. 1]*

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a noncitizen is ordered removed, generally, the government "shall

remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). That ninety-day period is known as the "removal period." *Id.* Where the government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 920 (D. Alaska 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001)); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the removal period. 533 U.S. at 683. It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. According to the Court, the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It found a presumptively reasonable detention period of six months. *Id*. at 701. After six months,

> [O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

*Id*.

In total, ICE has detained Mr. Turdzeladze for over seventeen months. [ECF No. 1 p. 1]. The Immigration Judge's order became final on May 19, 2025. [ECF No. 1 p. 6]. Thus, Respondents have detained Mr. Turdzeladze for approximately seven months after the detention order became final. This is past the presumptively reasonable six-months considered by the Supreme Court in *Zadvydas*. *Clark v. Martinez,* 543 U.S. 371 (2005) ("The Government having brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba); and the District Court in each case having determined that removal to Cuba is not reasonably foreseeable; the petitions for habeas corpus should have been granted."); *see also e.g.*, *Moreno v. Bondi,* No. 25-3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-removal order detention for seven and a half months entitled to habeas relief); *Momennia, v. Bondi, Att'y Gen., et al.*, No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) report and recommendation adopted, No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *Anduaga-Colin, v. Pamela Bondi*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

The Immigration Judge ordered Mr. Turdzeladze removed on April 17, 2025, and granted withholding of removal, which means he cannot be removed to the country of Georgia. [ECF No. 1 ex. 1]. The government states it sought acceptance of Mr. Turdzeladze from Panama, Mexico, and Guatemala on May 20, 2025, but has not received any

7

responses to the requests. [ECF No. 9 ex. 1 p. 3]. The government further asserts it is working with the U.S. Department of State to evaluate and select an additional country for removal. [ECF No. 9 ex. 1 p. 4]. The government argues detention is necessary because Mr. Turdzeladze presents a significant flight risk pending his removal from the United States. [ECF No. 9 ex. 1 p. 4].

The Court notes that more than seven months have passed since the government requested Panama, Mexico, and Guatemala accept Mr. Turdzeladze and it has not received a response from any of the three countries. Respondents' contention that Mr. Turdzeladze must be detained because he is subject to a final removal order is a general conclusion and not necessarily specific to Petitioner. Further, "preventing flight . . . is [a] weak or nonexistent [justification] where removal seems a remote possibility at best." *Zadvydas*, 533 U.S. at 690; *see also, e.g., Jimenez Chacon v. Lyons,* No. 2:25-CV-977-DHU-KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025); *Ahrach v. Baltazar*, No. 25-CV-03195-PAB, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025). Additionally, Respondents provide no timeline for Mr. Turdzeladze's removal from the United States and their vague assertion that DHS and the State Department is working to evaluate and select an additional country for removal provides nothing to indicate his removal is likely in the reasonably foreseeable future. *see Zadvydas*, 533 U.S. at 701.

Finally, it is worth noting the Immigration Judge found Mr. Turdzeladze inadmissible under INA § 212(a)(7)(A)(i)(I). This section is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I) and provides:

8

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—
>
> **(I)** who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i)(I).  The Immigration Judge also found him inadmissible pursuant to INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i) which states: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).  Thus, the Immigration Judge found Mr. Turdzeladze inadmissible because he did not have valid entry paperwork, and because he entered the country without being admitted or paroled, or because he entered the country at a place other than one designated by the Attorney General. [ECF No. 1 p. 10]. Notably, he was not denied entry because he had a criminal record or would be otherwise a danger to the community.  There is nothing in Mr. Turdzeladze's Petition or the government's Response that would require his continued detention under 8 U.S.C. § 1231(a)(6).  The government has not offered any support to this Court that would legally allow Mr. Turdzeladze's continued detention while it seeks removal to a third country.  Because Mr. Turdzeladze's removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

## *CONCLUSION*

While the government complied with the Court's previously issued Writ and released Mr. Turdzeladze, it now seeks to again detain Mr. Turdzeladze. After careful consideration of Mr. Turdzeladze's Petition and the government's response, the Court concludes any further detention would be unlawful. The Court, therefore, **GRANTS** Mr. Turdzeladze's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. A Writ shall issue.

Dated this 9th day of January, 2026.

_____
Kelly H. Rankin
United States District Judge